NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SENIORS BENEFIT RESOURCE, | |
| Plaintiff, | Civ. Action No. 17-1380-BRM-LHG |
| v. | |
| | OPINION |
| NEW JERSEY DEPARTMENT OF HUMAN SERVICES, *et al*. | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants New Jersey Department of Human Services ("DHS"): Division of Medical Assistance and Health Services ("DMAHS"), Kathy Martin, Valerie Harr, and Meghan Davey's[1] ("Defendants") Motion to Dismiss Plaintiff Senior Benefit Resource's ("SBR") claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 4). SBR opposes Defendants' Motion. (ECF No. 6.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**.

---

[1] Kathy Martin is the Acting Director of DMAHS's Office of Eligibility. Valerie Harr is the Deputy Commissioner of the DHS, though she is pled as the Director of the DHS. Meghan Davey is the Director of DMAHS, though she is pled as the Acting Commissioner of the DHS.

**I. BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to SBR. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

In this action, SBR asserts claims against Defendants for alleged violations of its rights to procedural and substantive due process. SBR is "a corporation that facilitates access to insurance policies" for nursing home residents who have periodontal disease. (Compl. (ECF No. 1) ¶ 15.) DHS is a government agency that promulgates regulations to determine eligibility for Medicaid in New Jersey. N.J. Stat. Ann. § 30:4D-7. DMAHS is an agency within DHS that administers Medicaid in New Jersey. N.J. Admin. Code. § 10:49-1.1. In order to receive Medicaid, applicants must be financially eligible. N.J. Admin. Code. § 10:71-1.2. An applicant's eligibility is based on his or her income and resources. N.J. Admin. Code. § 10:71-3.15. If a nursing home resident who is eligible for Medicaid has income over a certain threshold, after allowable deductions, Medicaid reduces the payment to the nursing home and the resident must pay the difference out of his or her income. 42 C.F.R. § 435.725(a). Of particular relevance to this litigation, one of the allowable deductions is "other health insurance premiums," such as supplemental insurance. 42 C.F.R. § 435.725(c)(4)(i). If a Medicaid-eligible nursing home resident wants to purchase supplemental insurance, he or she must submit a redetermination application pursuant to 42 C.F.R. § 435.916 ("Redetermination Application") to ensure the supplemental policy does not affect Medicaid payments to the nursing home.

SBR alleges Defendants have violated federal law by refusing to promptly process nursing home residents' Redetermination Applications, which in turn delayed the residents' purchase of supplemental insurance. (*Id.* ¶¶ 18-24.) SBR claims Kathy Martin, who was the Acting Director

2

of DMAHS during the time of the allegations, "and her staff disobeyed orders of Centers for Medicaid and Medicare Services." (*Id.* ¶ 23.) According to SBR, DHS Deputy Commissioner Valerie Harr "specifically instructed employees in County Welfare Offices to ignore the applications" for supplemental insurance. (*Id.* ¶ 24.) SBR alleges Defendants implemented burdensome requirements for determining eligibility, including requiring applicants to complete an eight-page packet and to provide bank records. (*Id.* ¶ 26.) As a result of Defendants' inaction, SBR claims it has suffered financial losses, and New Jersey Medicaid recipients have not received periodontal treatment. (*Id.* ¶ 28.)

On February 27, 2017, SBR filed the Complaint. (ECF No. 1.) Plaintiff asserts five claims against Defendants: (1) a claim pursuant to 42 U.S.C. § 1983 for violations of its Fourteenth Amendment right to procedural due process (Count One); (2) a claim pursuant to 42 U.S.C. § 1983 for violations of its Fourteenth Amendment right to substantive due process (Count Two); (3) a claim pursuant to N.J. Stat. Ann. § 10:6-1 *et seq.* for violations of its rights under the New Jersey Constitution (Count Three); (4) a claim pursuant to the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1, *et seq.* for negligence (Court Four); and (5) a claim for tortious interference with a business relationship (Count Five). (*Id.* ¶¶ 29-48.)

On April 11, 2017, Defendants filed their Motion to Dismiss. (ECF No. 4.) On May 22, 2017, SBR filed its opposition to the Motion. (ECF No. 6.)

**II. LEGAL STANDARD**

Defendants move to dismiss the Complaint on the grounds the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). (Br. in Support of Defs.' Mot. to Dismiss (ECF No. 4-1).) "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural

safeguards for plaintiffs than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

### A. Federal Rule of Civil Procedure 12(b)(1)

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a

disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, Defendants are asserting a facial 12(b)(1) challenge and, for the purposes of their Motion, do not contest the facts in the Complaint. (ECF No. 4-1 at 2 n.1.) Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DECISION**

Defendant argues the Court should dismiss SBR's Complaint for lack of subject matter jurisdiction because SBR lacks both Article III standing and prudential standing to assert a claim under the Supreme Court's precedent in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

    **A.**    **Article III Standing**

"Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.'" *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2016). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.*

(citation omitted). Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

As in *Spokeo*, "[t]his case primarily concerns injury in fact, the '[f]irst and foremost' of standing's three elements." 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Defendants argue SBR "has not adequately alleged that a legally protected right has been violated." (ECF No. 4-1 at 11.) Defendants point to 42 C.F.R. § 435.907(a), which governs Redetermination Applications and states only nursing home residents or their authorized representatives may submit a Redetermination Application. (*Id.* at 12.) Defendants argue SBR's allegation that it lost business due to Defendants' alleged delays in processing the Redetermination Applications is insufficient to confer standing, because SBR does not allege a concrete particularized injury or causation. (*Id.*) SBR argues it has standing because it has a legally protected economic interest related to the processing of Redetermination Applications. (ECF No. 6 at 4 (citing *Clinton v. New York*, 524 U.S. 417, 432 (1998).)

7

The fact SBR is not directly involved in the Redetermination Applications does not preclude Article III standing. To allege an injury in fact, "a plaintiff must claim 'the invasion of a concrete and particularized interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical." *Finkelman v. National Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citing *Lujan*, 504 U.S. at 560)). An injury is "concrete" when it is "real, or distinct and palpable, as opposed to merely abstract." *Id.* (citing *N.J. Physicians, Inc. v. President of the United States*, 653 F.3d 234, 238 (3d Cir. 2011). "To be sufficiently 'particularized,' an injury must 'affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). A plaintiff does not properly allege an injury in fact when the claim relies on a "chain of contingencies" or "mere speculation." *Id.* (quoting *Constitution Party of Pa.*, 757 F.3d at 364). "Typically, a plaintiff's allegations of financial harm will easily satisfy each of [the *Spokeo*] components, as financial harm is a 'classic' and paradigmatic form[]' of injury in fact." *Cottrell v. Alcon Labs.*, 874 F.3d 154, 163 (3d Cir. 2017) (quoting *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291, 293 (3d Cir. 2005)). The Third Circuit has "explained that where a plaintiff alleges financial harm, standing 'is often assumed without discussion.'" *Id.* (quoting *Danvers*, 432 F.3d at 293).

Here, SBR alleges Defendants' actions and inaction have led it to "suffer[] financial losses." (ECF No. 1 ¶ 28.) SBR's alleged injury is concrete, because its financial losses are not "merely abstract." *See Finkelman*, 810 F.3d at 193 (quoting *N.J. Physicians, Inc.*, 653 F.3d at 238). SBR is affected in an individual way by its alleged financial losses. *See id.* (citing *Lujan*, 504 U.S. at 560.) Finally, SBR's claim does not rely on mere speculation. *See id.* (citing *Constitution Party of Pa.*, 757 F.3d at 364). SBR alleges Defendants' failure to process Redetermination Applications has directly led to its injury. (ECF No. 1 ¶ 28.)

Similarly, the Court finds SBR has adequately alleged its injuries are "fairly traceable to the challenged action of the defendant." *Finkelman*, 810 F.3d at 193. The traceability, or causation, element of standing is "akin to 'but for' causation in tort and may be satisfied 'even where the conduct in question might not have been a proximate cause of the harm." *Id.* (quoting *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 418 (citing *The Pitt News v. Fisher*, 215 F.3d 354, 360-61 (3d Cir. 2000))). SBR alleges Defendants' failure to process more than one hundred Redetermination Applications prevented nursing home residents from purchasing supplemental insurance, which prevented SBR from earning revenue on services it would provide to the residents. (ECF No. 1 ¶¶ 20, 28.) Therefore, SBR has sufficiently alleged Defendants' actions and inaction caused its injuries.

Finally, the Court finds SBR has alleged a favorable decision would likely redress the injury. *See Common Cause of Pennsylvania*, 558 F.3d at 257. Based on the allegations in the Complaint, if Defendants process the Redetermination Applications, the nursing home residents would be able to purchase supplemental insurance and SBR would no longer lose revenue from those transactions. *See The Pitt News*, 215 F.3d at 361 (finding the redressability requirement of Article III standing is satisfied as long as it is not "merely speculative" and a favorable result would cure plaintiff's injury.).

The Court finds SBR has Article III standing to bring its claims, because it has sufficiently alleged it suffered an injury in fact that is traceable to Defendants' conduct, and it has alleged a favorable outcome would likely redress that injury. Furthermore, "where a plaintiff alleges financial harm, standing 'is often assumed without discussion.'" *Cottrell*, 874 F.3d at 163 (quoting *Danvers*, 432 F.3d at 293).

### B. Prudential Standing Requirements

"In contrast to constitutional standing, prudential standing 'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" *Common Cause of Pennsylvania*, 558 F.3d at 250 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)). Among the requirements for prudential standing is the principle "that a plaintiff's grievance must arguably fall within the zone of interests protected or regulation by the statutory provision or constitutional guarantee invoked in the suit." *Bennet v. Spear*, 520 U.S. 154, 162 (1997) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982)).

> In cases where the plaintiff is not itself the subject of the contested regulatory action, the [zone-of-interests] test denies a right of review if the plaintiff's interest are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.

*Clake v. Securities Industry Ass'n*, 478 U.S. 388, 399-400 (1987). "The test, however, is not so stringent that it requires the would-be plaintiff to be specifically targeted by Congress as a beneficiary of the statute." *Schering Corp. v. Food and Drug Admin.*, 51 F.3d 390, 395 (3d Cir.), *cert. denied*, 516 U.S. 907 (1995) (citations omitted).

SBR's claims arise from Defendants' alleged failure to enforce and abide by Medicaid regulations. (ECF No. 1 ¶¶ 18-19.) Medicaid was enacted to "provid[e] medical assistance to the needy." *Lewis v. Alexander*, 685 F.3d 325, 331 (3d Cir. 2012). The regulations at issue in this case deal with nursing home residents and their eligibility to deduct supplement insurance costs from their income. 42 C.F.R. § 435.916; 42 C.F.R. § 435.725. SBR, as an insurance facilitator, is not within the zone of interests of Medicaid and the regulations it cites in its Complaint. While SBR apparently stands to profit when nursing home residents purchase supplemental insurance—after

Defendants process Redetermination Applications—this benefit is incidental to the Medicaid scheme. *See Nat'l Credit Union Admin. v. First Nat. Bank & Trust Co.*, 522 U.S. 479, 517 (finding an incidental benefit to plaintiff did not bring plaintiff within a statute's zone of interests); s*ee also, Pennsylvania Pharm. Ass'n v. Dep't of Pub. Welfare of Com. of Pa.*, 542 F. Supp. 1349, 1356 (W.D. Pa. 1982) (finding plaintiff lacked standing despite lost profits, because a "state participating in the Medicaid program has no duty to administer its state plan in such a manner as to guarantee a profit to an inefficient health care provider").

SBR cites several cases in support of its argument it has prudential standing. (ECF No. 6 at 6-7 (citing *Lion Health Servs., Inc. v. Pennsylvania*, 635 F.3d 693, 699 (5th Cir. 2011); *Westside Mothers v. Haveman*, 289 F.3d 852, 864 (6th Cir. 2002); *Wilmac Corp. v. Bowen*, 811 F.2d 809 (3d Cir. 1987); *St. Joseph's Hosp. v. Dep't of Pub. Welfare of Com. of Pa.*, 103 B.R. 643 (Bankr. E.D. Pa. 1989) *abrogated by In re Sacred Hearth Hosp. of Norristown*, 204 B.R. 132 (E.D. Pa. 1997)).) The cases SBR cites concern Medicaid providers suing under provisions governing reimbursement. The Supreme Court has held medical providers are intended beneficiaries of certain Medicaid provisions. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 509 (1990). SBR is not a Medicaid provider, but a facilitator of insurance. SBR does not allege it receives any Medicaid proceeds for the provision of its services. Therefore, the cases SBR cites are inapposite.

The Court finds, while SBR has alleged it has sustained an injury in fact, it is not an intended beneficiary under Medicaid and does not have prudential standing to assert its claims for violations of its rights under the United States Constitution and the New Jersey Constitution. Therefore, Defendants Motion to Dismiss is **GRANTED**.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. An appropriate Order will follow.


**Date: January 25, 2018**              */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**